Matter of Cajigas v Stanford (2019 NY Slip Op 01266)





Matter of Cajigas v Stanford


2019 NY Slip Op 01266


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

524884

[*1]In the Matter of NORMAN CAJIGAS, Appellant,
v
TINA M. STANFORD, as Chair of the Board of Parole, Respondent.

Calendar Date: January 16, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Elon Harpaz, The Legal Aid Society, New York City, for appellant.
Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the Supreme Court (Elliott III, J.), entered February 24, 2017 in Albany County, which, among other things, dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent interpreting Executive Law § 259-c (14).
In 1991, petitioner was convicted of rape in the first degree and was sentenced — as a second violent felony offender — to a prison term of 7½ to 15 years. Petitioner completed serving his sentence in 2005 and, in conjunction therewith, was adjudicated a risk level three sex offender for purposes of the Sex Offender Registration Act (see Correction Law art 6-C). In 2008, petitioner was convicted of, among other crimes, attempted burglary in the second degree and was sentenced to five years in prison for said conviction, followed by five years of postrelease supervision, with lesser concurrent terms on his other convictions. Petitioner was released to parole supervision in January 2014 subject to numerous terms and conditions not at issue here.
In October 2015, petitioner was arrested on a parole warrant for violating certain terms of his release and, after pleading guilty to the violation, a 12-month time assessment was imposed. According to petitioner, he was advised by the Administrative Law Judge presiding [*2]over the revocation proceeding that he was subject to the provisions of the Sexual Assault Reform Act (L 2000, ch 1, as amended by L 2005, ch 544 [hereinafter SARA]), which, among other things, prohibits certain offenders who are released on parole, conditionally released or subject to a period of postrelease supervision from, insofar as is relevant here, "knowingly entering into or upon any school grounds" (Executive Law § 259-c [14]; see Penal Law § 220.00 [14] [defining school grounds]). In response, petitioner commenced this combined CPLR article 78 proceeding and action for declaratory judgment in February 2016 seeking, among other things, a declaration that he was not subject to the provisions of Executive Law § 259-c (14) as he was not then serving a sentence for one of the statute's designated crimes.
During the pendency of this proceeding/action before Supreme Court, petitioner completed his time assessment and was restored to postrelease supervision. Although the release conditions are not included in the record on appeal, the Attorney General advises this Court that such terms and conditions included the restrictions imposed by Executive Law § 259-c (14). As no SARA-compliant placement could be located, petitioner was not released from custody altogether but, rather, was transferred to a residential treatment facility maintained by the Department of Corrections and Community Supervision (see Correction Law §§ 2 [6]; 73).
In February 2017, Supreme Court dismissed petitioner's application and declared that the challenged statute was applicable to petitioner and all other risk level three sex offenders "who are not currently serving a sentence for a designated sex offense." In March 2017, petitioner was released to a SARA-compliant shelter. Petitioner thereafter violated the terms and conditions of his release and, in August 2018, was returned to prison. Petitioner now appeals from the February 2017 judgment.
For the reasons stated in People ex rel. Negron v Superintendent, Woodbourne Corr. Facility (___ AD3d ___ [decided herewith]), we find that petitioner was not subject to the school-grounds restriction provided in Executive Law § 259-c (14).
Garry, P.J., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, and petition granted to the extent that it is declared that petitioner is not subject to the school-grounds restriction set forth in Executive Law § 259-c (14).